IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07–cv–00999–PAB–KMT

BRUCE SCHEIBER,

      Petitioner,

v.

AL ESTEP, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Kathleen M. Tafoya
United States Magistrate Judge**

      This case comes before the court on Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Application") (Doc. No. 3, filed May 14, 2007). Pursuant to the Order of Reference dated June 28, 2007 (Doc. No. 9), this court has reviewed the Application, Respondents' Answer ("Answer") (Doc. No. 15, filed July 30, 2007), the pertinent parts of the state court record, the case file, and the applicable law, and is sufficiently advised to recommend that Petitioner's Application be DISMISSED WITH PREJUDICE.

## I.  BACKGROUND

Petitioner is currently incarcerated at the Fremont Correctional Facility of the Colorado Department of Corrections in Cañon City, Colorado.  (Application at 9.)  On February 27, 2004, a jury found Petitioner guilty of first degree sexual assault.  (*Id*. at 1–2.)  The trial court imposed an indeterminate sentence of ten years to life.  (Answer at 4.)  On August 5, 2005, Petitioner took a direct appeal claiming (1) the trial court judge erroneously applied Colorado's rape shield statute, Colo. Rev. Stat. § 18–3–407 (2004), to prevent him from presenting witnesses and cross-examining the victim regarding her prior allegedly false accusations of sexual abuse, thus depriving him of his state and federal constitutional rights to confront witnesses and present a defense; (2) the trial court judge erroneously refused to instruct the jury that consent was an affirmative defense to the charge of sexual assault, thereby depriving him of his state and federal constitutional rights to due process and a jury trial; and (3) an additional claim not relevant to the present Application.  (*See* Answer, Ex. A.)  The Colorado Court of Appeals affirmed the conviction on October 26, 2006.  (Answer, Ex. D.)  On March, 26, 2007, the Colorado Supreme Court denied Petitioner's Application for Writ of Certiorari.  (Answer, Ex. F.)

Petitioner filed his present Application on May 14, 2007 in this court alleging claims that: (1) his case was "identical" to the case of *People v. Ryan Williams,* and that because that defendant was acquitted, Petitioner should also have been acquitted; (2) the state trial court judge erroneously denied him his constitutional rights to demonstrate the victim had falsely accused others of sexual abuse by erroneously applying Colorado's rape shield statute, Colo. Rev. Stat. § 18–3–407; and (3) the state trial court judge deprived him of his constitutional due process and

jury trial rights by refusing to instruct the jury that consent was an affirmative defense to the charge of sexual assault. (Application at 5–6.) Petitioner claims he was not permitted to raise the first claim to the state court. (*Id*. at 5.)

## II.     LEGAL STANDARDS

### A.     Pro Se *Applicant*

Petitioner is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a Petitioner can prove facts that have not been alleged, or that a defendant has violated laws in ways that a Petitioner has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a [Petitioner's] complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the [Petitioner] in the absence of any discussion of those issues"). The Petitioner's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B. Title 28 U.S.C. § 2254

Pursuant to 28 U.S.C. § 2254(d) an application for writ of habeas corpus may be granted only if it is based on an underlying state court decision that (1) is "contrary to . . . clearly established Federal law, as determined by the Supreme Court, or (2) involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court." *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999). A decision is contrary to clearly established federal law when it contradicts prior Supreme Court precedent and arrives at a conclusion that is "diametrically different" from that precedent. *Williams*, 529 U.S. at 406. A decision involves an unreasonable application of clearly established federal law when it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on the facts at issue. *Id.* at 409. However, the Court "may not issue the writ simply because [it concludes] in [its] independent judgment that the state court applied the law erroneously or incorrectly. Rather, [the Court] must be convinced that the application was also 'objectively unreasonable.'" *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 566 n.4 (10th Cir. 2000), *overruled on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

In addition, a presumption of correctness exists regarding trial and appellate court findings of fact pursuant to this Court's habeas review. *Sumner v. Mata*, 455 U.S. 591, 592–93 (1982). As such, Applicant bears the burden of rebutting this presumption "by clear and

4

convincing evidence." 28 U.S.C. § 2254(e)(1); *see Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997).

### III. ONE-YEAR LIMITATION PERIOD FOR FILING APPLICATION FOR FEDERAL HABEAS RELIEF

Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).

### IV. FIRST CLAIM– IDENTICAL TO PEOPLE V. RYAN WILLIAMS

#### A.     28 U.S.C. § 2254(b)(1)– Exhaustion of State Court Remedies

Petitioner's first claim asserts that because the defendant in an unrelated Colorado criminal case—*People v. Ryan Williams*[1] —was acquitted, and the facts of that case and Petitioner's case were "identical," Petitioner should have likewise been acquitted. Respondents argue that this court should dismiss Petitioner's first claim because, by failing to raise the claim in state court, Petitioner failed to fulfill the exhaustion requirement of 28 U.S.C. § 2254(b)(1), and that because state procedural rules would now bar Petitioner from seeking further relief in state court, the claim has been procedurally defaulted. (Answer at 8–9.)

---

[1] In his reply brief to the Colorado Court of Appeals, Petitioner requested that the court take judicial notice of the defendant's acquittal in the case of *People v. Ryan Williams*. (Answer, Ex. C at 1.) The court of appeals acknowledged that the defendant may have been subsequently acquitted for purposes of addressing Petitioner's argument, but declined to take judicial notice. (Answer, Ex. D at 8.) This court employs the same approach—the court acknowledges the potential that the *Williams* defendant was acquitted for purposes of addressing Petitioner's Application, but declines to take judicial notice of the case.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been fairly presented to the state courts. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

While Petitioner did raise his second and third claims on appeal to the Colorado Court of Appeals, and thus exhausted those claims, his first claim arises for the first time in the present Application. Thus, for purposes of habeas review in this court, Petitioner's first claim is unexhausted pursuant to 28 U.S.C. § 2254(b)(1).

### B.     *Procedural Default of Unexhausted Claims*

"Generally, when a habeas petitioner has failed to exhaust his state court remedies, a federal court should dismiss the petition without prejudice so that those remedies may be pursued." *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). However, "if the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal

habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"Subject to enumerated exceptions, claims that could have previously been brought on direct appeal or in postconviction proceedings must be denied." *People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007) (citing Colo. R. Crim. P. 35(c)(3)(VII)). Regardless of Petitioner's first claim's clearly dubious legal basis, it was available to Petitioner on his direct appeal to the Colorado Court of Appeals. Specifically, the defendant in *People v. Ryan Williams* was acquitted in January 2005 (Answer, Ex. C at 1) and Petitioner did not file his opening brief until August of 2005 (Answer, Ex. A). Thus the exception enumerated in Colo. R. Crim. P. 35(c)(3)(VII)(a)—allowing a party to seek postconviction relief for a claim based on events occurring after the initiation of an appeal—does not apply. Accordingly, pursuant to Colo. R. Crim. P. 35(c)(3)(VII), because Petitioner could have brought this claim on direct appeal, but failed to do so, any future assertion of this claim in a postconviction motion would be denied as successive. Therefore, because no further state court remedy exists, Petitioner's unexhausted first claim is procedurally defaulted in this court.

### C. *Exceptions to Procedural Default of Unexhausted Claims*

The court must next determine whether an exception to the procedural default rule applies that would allow Petitioner's first claim to be heard here. Claims which have been procedurally defaulted must be dismissed with prejudice unless the prisoner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or,

alternatively, that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749–50; *see also Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Petitioner's *pro se* status does not exempt him from the requirement of showing either cause and prejudice or a fundamental miscarriage of justice. *Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

In order to meet the "cause" element of the cause and prejudice standard, a Petitioner must show that "some objective factor external to the defense" caused his failure to properly raise his federal constitutional claims in state court. *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *Lepiscopo*, 38 F.3d at 1130. Petitioner claims that he was "not permitted" to raise other claims to the Colorado Court of Appeals. (Application at 5.) However, petitioner has alleged no facts in support of this contention, and the record otherwise fails to support this or any other basis rising to the level of an "objective factor external to the defense" that prevented him from raising this claim in state court.

The far more stringent test to excuse procedural default, the fundamental miscarriage of justice exception, is an "extremely narrow exception, implicated only in an extraordinary case, 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir.1999) (quoting *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir. 1993) (quoting *Murray*, 477 U.S. at 496)). To invoke the fundamental miscarriage of justice exception, a petitioner must "provide[] the court with a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 928 n.3 (10th Cir.

2000) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). Petitioner has not made a "colorable showing of factual innocence"; rather he merely claims that because the case of *People v. Ryan Williams* and his case were "identical," and that because that defendant was acquitted, Petitioner should have been acquitted as well. This court finds no factual allegations, let alone legal basis, behind Petitioner's claim that would sustain invoking the narrow miscarriage of justice exception to procedural default.

Therefore, because neither the cause and prejudice or the miscarriage of justice exceptions apply to Petitioner, his first claim raised in the present Application was procedurally defaulted pursuant to an independent and adequate state procedural rule, and is therefore barred in this court as well.

## *VI.     SECOND CLAIM– MISAPPLICATION OF RAPE SHIELD STATUTE*

Petitioner's second claim alleges that the state courts misapplied Colorado's rape shield statute, Colo. Rev. Stat. § 18–3–407 (2004), denying him the opportunity to demonstrate that the alleged victim had falsely accused others of sexual abuse. (Application at 6.) More specifically, and consistent with his claims raised in the Colorado Court of Appeals, the court construes Petitioner's Application to assert that by refusing to allow him to present evidence on cross-examination of the victim regarding prior allegations of sexual assault, or to present witnesses who would testify as to the victim's prior false reporting of sexual assault, the trial court violated his Sixth Amendment rights to confront adverse witnesses and his Fifth and Fourteenth Amendment rights to present a defense. *(See* Answer, Ex. A at 7–15.) Petitioner relies on the

defendant's acquittal in the unrelated state court case of *People v. Ryan Williams* as evidence that the victim had falsely reported sexual assault on prior occasions.

On habeas review, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *see also Johnson v. Mullin,* 505 F.3d 1128, 1141–42 (10th Cir. 2007). Rather, federal courts may only second guess a state court's application or interpretation of state law on a petition "where such application or interpretation violates the Constitution, laws, or treaties of the United States." *Bowser v. Boggs*, 20 F.3d 1060, 1065 (10th Cir. 1994); *Estelle*, 502 U.S. at 67.

The court first addresses Petitioner's second claim that his constitutional rights were violated by the trial court's exclusion of evidence of the victim's prior allegations of sexual assault to the extent that it implicates his Fifth Amendment and Fourteenth amendment rights to present a defense. "The right to offer the testimony of witnesses . . . is in plain terms the right to present a defense. . . . This right is a fundamental element of due process of law." *Washington v. Texas*, 388 U.S. 14, 18–19 (1967). However, a defendant's right to present relevant testimony may "'bow to accommodate other legitimate interests in the criminal trial process.'" *Michigan v. Lucas*, 500 U.S. 145, 149 (1991) (quoting *Rock v. Arkansas*, 483 U.S. 44, 55 (1987)). Thus, on habeas review, to determine whether a state court evidentiary ruling unconstitutionally denied a defendant his right to a fundamentally fair trial, courts apply a two-part test: "first examine whether that testimony was relevant, and if so, whether the state's interests in excluding the evidence outweighed [Petitioner's] interests in its admittance. . . . Second, [] examine whether

the excluded testimony was material– whether it was of such an exculpatory nature that its exclusion affected the trial's outcome." *Mitchell v. Gibson*, 262 F.3d 1036, 1054 (10th Cir. 2001) (quoting *Richmond v. Embry*, 122 F.3d 866, 872 (10th Cir.1997)).

"The Supreme Court has held legitimate state interests behind a rape shield statute, such as giving rape victims heightened protection against 'surprise, harassment, and unnecessary invasions of privacy' may allow the exclusion of relevant evidence if the state's interests in excluding the evidence outweigh the defendant's interests in having the evidence admitted." *Richmond,* 122 F.3d at 872 (quoting *Lucas*, 500 U.S. at 150–52). These enhanced considerations are in addition to "the traditional concerns of prejudice, issue and jury confusion, which usually guide a trial courts evidentiary rulings." *Id*. (citations omitted). Consistent with this position, Colorado courts require that, in order to strike a balance a balance between the state's legitimate interests in protecting rape victims from harassment, prejudice, and privacy invasion, and a defendant's interest in potentially probative evidence, a defendant must be able to show that the victim's prior accusations of sexual assault were "demonstrably false." *People v. Roberts,* 738 P.2d 380, 383 (Colo. App. 1986).

In the present case, the Colorado Court of Appeals affirmed the trial court's detailed ruling excluding evidence of the victim's prior allegations of sexual assault because Petitioner had not made a sufficient showing that the victim's allegations in the case of *People v. Ryan Williams* were demonstrably false. (Answer, Ex. D at 7.) The Court of Appeals affirmed, despite the fact that the defendant in *People v. Ryan Williams* was subsequently acquitted of

sexual assault, based on the premise that a jury acquittal does not amount to a showing that the victim's allegations of sexual assault were demonstrably false. (*Id*. at 8.) It is not the province of this court to determine whether the Court of Appeals' holding was an appropriate application of state law. Rather, this court is limited to assessing whether the state court's exclusion of this evidence was an objectively unreasonable application of established federal law. Because the Colorado courts appear to have balanced Petitioner's interest in the admission of the evidence of prior allegations of sexual assault against the state's legitimate interests in the evidence's exclusion, this court cannot say that the Colorado courts were objectively unreasonable in excluding this evidence, and consequently cannot say that Petitioner was denied his right to a fundamentally fair trial.

Lastly, because the court finds that the state court's exclusion of Petitioner's evidence of the victim's prior allegations of sexual assault was not an objectively unreasonable application of federal law, the court need not address the second part of the two-part test set forth in *Mitchell*– whether defendant's proposed evidence of prior accusations "was of such an exculpatory nature that its exclusion affected the trial's outcome." 262 F.3d at 1054.

This court next addresses Petitioner's second claim that his constitutional rights were violated by the trial court's exclusion of evidence of the victim's prior allegations of sexual assault to the extent that it implicates his rights under the Confrontation Clause of the Sixth Amendment. The Confrontation Clause "guarantees the right of an accused in a criminal prosecution to confront the witnesses against him or her" with the "'main and essential purpose

. . . to secure for the opponent the opportunity of cross-examination.'" *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986) (quoting *Davis v. Alaska*, 415 U.S. 308, 315–16 (1974)).  However, "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."  *Id.*  (quoting *Delaware v. Fensterer,* 474 U.S. 15, 20 (1985) (emphasis in original)).  Thus, trial courts "retain wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, or interrogation that is repetitive or only marginally relevant."  *Van Arsdall*, 475 U.S. at 678.  Still, [r]estrictions on a criminal defendant's rights to confront adverse witnesses . . . 'may not be arbitrary or disproportionate to the purposes they are designed to serve.'"  *Lucas,* 500 U.S. at 151 (quoting *Rock*, 483 U.S. at 56)).

The Colorado Court of Appeals' holding that the trial court properly applied the Colorado rape shield statute, Colo. Rev. Stat. § 18–3–407, was not contrary to, or an unreasonable application of, the Confrontation Clause of the Sixth Amendment.  In denying Petitioner an opportunity to cross examine the prosecution's witnesses regarding the victim's prior allegations of sexual assault because those allegations were not "demonstrably false," the trial court appears to have balanced Petitioner's right to cross examine hostile witnesses against the legitimate concerns of avoiding harassing, prejudicial, or interrogative cross-examination.  Thus, the trial court's restriction on Petitioner's right to confrontation was not arbitrary or disproprotionate to the purposes served.  Therefore, this court finds no reason to consider the

trial court's evidentiary ruling, or the Colorado Court of Appeal's upholding of that ruling, to be contrary to, or an unreasonable application of, applicable federal law.

## VII.    THIRD CLAIM– LACK OF JURY INSTRUCTION RE: CONSENT

Petitioner's last claim alleges that, by refusing to instruct the jury that consent is an affirmative defense to sexual assault, the trial court committed reversible error in violation of the constitutional requirements that the prosecution meet its burdens of proving each element of a charged offense beyond a reasonable doubt and disproving any affirmative defense raised. (Application at 6; *see also* Answer, Ex. A at 15–19.)  Respondents concedes that the trial court did refuse to instruct that consent is a defense.  Rather, Respondents asserts that, in affirming the trial court's refusal of the tendered instruction, the Colorado Court of Appeals held Colorado law does not require that the trial court give such an instruction where proof of the elements of the charged offense necessarily requires disproof of the issue raised by the affirmative defense. (Answer at 19–21.)

A habeas petitioner attacking a state court judgment on the basis of an erroneous jury instruction has a great burden.  *Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995).  In a habeas proceeding, federal courts may set aside a state conviction on the basis of erroneous jury instructions only when the failure to offer a tendered instruction "had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial."  *Id.*  "'The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing

required to establish plain error on direct appeal.'" *Id.* (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson,* 431 U.S. at 155.

To determine whether the a state court's refusal to deliver a particular jury instruction violates a petitioner's constitutional right to due process, the court must turn to state law to assess whether Petitioner was entitled to such an instruction. *Tyler v. Nelson,* 163 F.3d 1222, 1227 (10th Cir. 1999). Colorado law does recognize consent as an affirmative defense to the crime of sexual assault. *See* Colo Rev. Stat. § 18–1–505 (2006). However, it does not require the trial court to instruct the jury that it is an affirmative defense where the proof of the required elements of the crime as instructed necessarily require disproof of the affirmative defense. *People v. Bush*, 948 P.2d 16, 18 (Colo. App. 1997); *People v. Cruz*, 923 P.2d 311, 312 (Colo. App. 1996). According to the Colorado Court of Appeals, the trial court instructed the jury as to the elements of the crime of first degree sexual assault in a manner indisputably consistent with Colo. Rev. Stat. 18–3–402(1)(h). Included was an instruction that the jury must find, beyond a reasonable doubt, that the "defendant knew that [the victim] was physically helpless *and had not consented*." (Answer, Ex. D at 10–11 (emphasis added).) Thus, the trial court's denial of Petitioner's tendered jury instruction defining consent as an affirmative defense was consistent with established state law because the trial court's actual instructions required that the state prove lack of consent beyond a reasonable doubt. More importantly, this court finds that Petitioner has failed to satisfy his high burden of establishing that the trial court instructions, and omission of an instruction regarding consent as an affirmative defense, were an objectively

unreasonable application of federal law, which rendered the trial fundamentally unfair as required for a grant of habeas relief.

WHEREFORE, for the foregoing reasons, I respectfully RECOMMEND that the habeas corpus application be DENIED and the action be DISMISSED WITH PREJUDICE.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d

at 1059–60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 11th day of June, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge